O

# United States District Court
# Central District of California

| | |
|---|---|
| ANDREW SHUEY, J.S., a minor, by and through his Guardian Ad Litem, Gloria Johnson,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF VENTURA; VENTURA COUNTY HUMAN SERVICES AGENCY; MICHELLE CALDER; LISA GOTWALS; SUPERVISOR VILLA; and DOES 1-10 inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:14-cv-09520-ODW(SHx)<br><br>**ORDER DENYING DEFENDANTS' SPECIAL MOTION TO STRIKE [24]** |

## I.　INTRODUCTION

This is a civil rights action arising from a child abuse investigation and a subsequent custody dispute involving Plaintiffs Andrew Shuey and J.S.[1] Defendants Michelle Calder ("Calder"), Lisa Gotwals ("Gotwals"), and Noe Villa ("Villa") move to strike Plaintiffs' state law claims pursuant to California Code of Civil Procedure section 425.16. For the reasons discussed below, the Court **DENIES** Defendants'

---

[1] The Court refers to its concurrently-filed Order on Plaintiffs' Motion to Dismiss for the full factual background of the case. (ECF No. 45.)

Motion. (ECF No. 24.)[2]

## II. LEGAL STANDARD

A claim under California state law is subject to a special motion to strike under California Code of Civil Procedure section 425.16 ("anti-SLAPP statute") when it arises from acts in furtherance of the defendant's constitutional rights of petition or free speech. Cal. Code Civ. Proc. § 425.16(b)(1); *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). Qualifying acts include all statements—written and oral— made before a judicial body, made in or in connection with an official proceeding, or made in public in connection with a matter of public interest. § 425.16(e).

The defendant has the initial burden of proving that the claim is based on a protected act, after which the burden shifts to the plaintiff to show a probability of prevailing on the merits of those claims. § 425.16(b)(1); *Oviedo v. Windsor Twelve Props., LLC*, 212 Cal. App. 4th 97, 109 (2012). This second step is evaluated "using a summary-judgment-like procedure." *Varian Medical Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005). Thus, to grant an anti-SLAPP motion, "discovery must be developed sufficiently to permit summary judgment under Rule 56." *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiffs argue that Defendants' motion relies almost entirely on sealed juvenile records that Defendants have inexplicably obtained without filing a petition under California Welfare and Institutions Code section 827. Although Plaintiffs have filed such a motion, it has not been adjudicated, and thus they have been unable to

---

[2] To the extent this Order varies from any rulings made by the Court at the hearing on this Motion, those changes are made pursuant to the Court's inherent authority to reconsider its own orders. *See, e.g.*, *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *Qualcomm Inc. v. Broadcom Corp.*, No. 05CV1958-B (BLM), 2008 WL 2705161, at *1 (S.D. Cal. July 7, 2008).

review those records. Plaintiffs thus request additional time to conduct discovery. (Opp'n at 5–7.)

Although the anti-SLAPP statute purports to stay all discovery except upon good cause shown, Cal. Civ. Code § 425.16(g), the Ninth Circuit has concluded that this standard conflicts with Rule 56 and is thus inapplicable in federal court. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Under Rule 56, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; [or] (2) allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d).

Here, Plaintiffs have satisfied these requirements. Plaintiffs' counsel submits a declaration indicating that while they have filed a petition under California Welfare and Institutions Code section 827, that petition has not been ruled on, and thus they do not have access to a substantial number of documents needed to support their claims. (Decl. Leehey ¶¶ 3–8, ECF No. 30-3.) Furthermore, Plaintiffs argue that they require other discovery in order to show a likelihood of prevailing on their claims, including (1) the County's entire file concerning their contacts with Shuey, J.S., and any other party concerning Shuey or J.S.; (2) deposition testimony of Defendants Calder, Gotwals, and Villa; (3) deposition testimony of Officer Casse, and (4) discovery and deposition of the person(s) most knowledgeable concerning the drafting of the exhibits submitted by Defendants. (Opp'n at 6.) The Court finds that this evidence bears substantially on Plaintiffs' ability to prevail on their claims, and accordingly will deny the Motion pending the completion of that discovery.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Special Motion to Strike without prejudice to allow Plaintiffs to perform discovery. Defendants may renew their arguments on a Rule 56 motion once the requisite discovery is completed.

**IT IS SO ORDERED.**

November 3, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**